PREMO, J.,
Dissenting.—I respectfully dissent from the majority opinion’s holding that Proposition 47’s definition of “an unreasonable risk of danger to public safety” applies to petitions for resentencing under Proposition 36. “[I] recognize the basic principle of statutory and constitutional construction which mandates that courts, in construing a measure, not undertake to rewrite *593 its unambiguous language. [Citation.] That rule is not applied, however, when it appears clear that a word has been erroneously used, and a judicial correction will best carry out the intent of the adopting body.” (People v. Skinner (1985) 39 Cal.3d 765, 775 [217 Cal.Rptr. 685, 704 P.2d 752].) None of the ballot materials accompanying Proposition 47 mentioned Proposition 36, and there is no indication that the electorate intended to modify Proposition 36’s definition of an “unreasonable risk of danger to public safety.” I would hold that Proposition 47’s definition of “an unreasonable risk of danger to public safety” is inapplicable to Proposition 36, and Proposition 47 contains a drafting error that must be judicially corrected.[1]
Additionally, the majority concludes that defendant’s argument that the rules of evidence apply to hearings under Penal Code section 1170.126 (unspecified statutory references are to the Penal Code) is not ripe for review, because defendant failed to object to the introduction of certain evidence below. Here, defendant maintains that the court erred in admitting hearsay evidence, including his prison disciplinary records and police reports implicating him in the 1981 and 1983 murders and the 1983 arson. I would find that defendant’s argument pertaining to the introduction of hearsay evidence in section 1170.126 hearings is meritless.
Defendant’s argument is significantly undermined by section 1170.126, subdivision (g)(2), which expressly authorizes courts to consider petitioners’ “disciplinary record[s].” A section 1170.126 petition is a postjudgment vehicle by which certain legally convicted and sentenced inmates may benefit from the later enacted Three Strikes Reform Act.
Thus, in my view, a section 1170.126, subdivision (1) hearing is more akin to other posttrial proceedings—such as parole revocation hearings or sentencing—than it is to trial, where the full protections of the Evidence Code apply. Hearsay evidence is admissible at parole revocation hearings, so long as it “ ‘ “bears a substantial degree of trustworthiness,” ’ ” as determined by the trial court. (In re Miller (2006) 145 Cal.App.4th 1228, 1235 [52 Cal.Rptr.3d 256].) It is likewise admissible at sentencing proceedings, so long as there is “a substantial basis for believing [it] is reliable.” (People v. Lamb (1999) 76 Cal.App.4th 664, 683 [90 Cal.Rptr.2d 565] [“Due process does not require that a criminal defendant be afforded the same evidentiary protections at sentencing proceedings as exist at trial.”]; People v. Arbuckle (1978) 22 Cal.3d 749, 754 [150 Cal.Rptr. 778, 587 P.2d 220] [a sentencing court may consider a broad range of information, including responsible unsworn or out-of-court *594 statements concerning the convicted person’s life and characteristics].) Therefore, hearsay is admissible at section 1170.126, subdivision (f) hearings so long as there is a substantial basis for believing the evidence is reliable.
I do, however, agree with the majority opinion’s conclusion that defendant’s equal protection argument has no merit, the dangerousness finding need not be submitted to a jury and found beyond a reasonable doubt, and there is no presumption in favor of resentencing.
Lastly, based on my conclusion that the Proposition 47’s definition of “an unreasonable risk of danger to public safety” does not apply to petitions for resentencing under Proposition 36, I would find the trial court did not abuse its discretion when it concluded that defendant would pose an unreasonable risk of danger if resentenced. “Where, as here, a discretionary power is statutorily vested in the trial court,” the abuse of discretion standard applies on appeal. (People v. Rodrigues (1994) 8 Cal.4th 1060, 1124 [36 Cal.Rptr.2d 235, 885 P.2d 1].)
Substantial evidence supports the trial court’s finding that, on previous grants of probation and parole, defendant has largely shown himself unable to refrain from reoffending for any appreciable length of time. Substantial evidence also supports the trial court’s conclusion that many of defendant’s convictions involved weapons, which plainly can expose the public to danger. Specifically, the record shows defendant was convicted of attempted armed robbery, armed residential robbery, possession of a firearm by a felon (twice), possession of a deadly or dangerous weapon, and possession of a concealed dirk or dagger. The trial court also found that “defendant has numerous criminal convictions that are associated with being under the influence of drugs,” which led it to conclude that “addiction and . . . controlled substance abuse has played ... an incredibly significant role in [defendant’s] prior criminal behavior.” In support of its finding regarding defendant’s drug-related criminal convictions, the court erroneously mentioned “the 1983 arson in jail,” for which there was no conviction. But, despite that misstatement, substantial evidence nevertheless supports the court’s finding that defendant was convicted of drug-related crimes on numerous occasions. The record shows defendant was convicted of driving under the influence three times, possession of a controlled substance four times, and being under the influence of a controlled substance twice. The court’s conclusion that “addiction and . . . controlled substance abuse has played ... an incredibly significant role in [defendant’s] prior criminal behavior” is supported by those convictions, as well as by evidence that defendant admitted to being under the influence of drugs and alcohol during the 1973 armed residential robbery.
With respect to defendant’s record of rehabilitation while incarcerated, substantial evidence supports the trial court’s finding that defendant did not *595 participate in any self-help programming for a number of years in the late-2000s. (§ 1170.126, subd. (g)(2).) The record further supports the trial court’s finding that, during that same period, defendant did not address his drug addiction. While defendant told Dr. Barron that he abstained from drug use during those years, as a longtime drug user, there can be no doubt he would have benefitted from continued programming to address his addiction. The court also properly considered defendant’s disciplinary record. {Ibid.) The court correctly noted that defendant had been disciplined numerous times for drug-related infractions in the months leading up to the filing of his petition. Based on the 2004 incident in which defendant was placed in administrative segregation after prison staff was told defendant threatened another inmate with a shank and defendant’s 2006 fight with three other inmates, the court concluded that defendant demonstrated “potential aggressive behavior” on two occasions. I agree that the reports of those incidents support the conclusion that defendant was potentially aggressive on both occasions.
The court further found, based on the same two events, that defendant has had “continued proximity [to] and [an] apparent need to surround himself with weapons.” I agree with defendant that substantial evidence does not support that finding. In 2004, no shank was found and no disciplinary report was filed. There merely was a confidential tip, which does not constitute reasonable, credible, and solid evidence that defendant was armed in prison in 2004. (Meyers v. Board of Administration etc. (2014) 224 Cal.App.4th 250, 260 [168 Cal.Rptr.3d 560] [substantial evidence is evidence of “ ‘ “ ‘ponder-able legal significance’ ” ’ ” that is “ ‘ “ ‘reasonable in nature, credible, and of solid value’ ” ’ ”].) In 2006, guards found a razor blade six feet away from where defendant and three other inmates had a physical fight. The court suggests that defendant was the one who was armed because one of the inmates said a razor blade was pulled on him and the other two said they did not know how the fight started. In fact, defendant told guards, “I don’t know what happened.” A second inmate said, “I don’t even know”; a third said he “just got in a fight”; and a fourth reported that a “dude pulled a blade on me.” Those statements do not constitute substantial evidence that the razor blade belonged to defendant.
Finally, the court considered other relevant evidence as permitted by section 1170.126, subdivision (g)(3). First, the court found defendant was “implicated” in murders in 1981 and 1983. Above, I concluded the court was permitted to rely on evidence of the murders, even if it constituted hearsay, so long as it was reliable. The evidence of defendant’s involvement in the murders included the declaration of an investigator with the Santa Clara County District Attorney’s office, who also was a retired police officer. Because the declaration was made by a law enforcement professional under penalty of perjury, I find that it contained sufficient indicia of reliability to *596 satisfy due process. That declaration alone provides substantial evidence to support the court’s conclusion that defendant was implicated in two murders. Accordingly, I conclude the court did not err in relying on evidence of the murders or in reaching that conclusion. Second, the court relied on defendant’s mental health and disciplinary records to find that defendant has not overcome his drug addiction. That finding is supported by substantial evidence. Defendant’s prison health records show that he used morphine between 2011 and January 23, 2014. Despite expressing a desire to stop using the drug in 2012 and 2013, he achieved only brief periods of sobriety. Defendant underwent treatment for morphine detox between January 24 and January 30, 2014. Because his health records after February 18, 2014, are not in the record, there is no evidence that he has remained sober since that time.[2]
In sum, the court’s factual findings are largely supported by substantial evidence. The court did incorrectly refer to the 1983 arson as a conviction in finding that defendant had been convicted of numerous drug-related crimes. However, because the ultimate finding is supported by substantial evidence, the court’s mistaken belief about the 1983 arson was not “critical to its decision” and thus does not establish an abuse of discretion. (People v. Cluff (2001) 87 Cal.App.4th 991, 998 [105 Cal.Rptr.2d 80].)
The court also found that defendant was twice armed in prison, which is not supported by substantial evidence. That finding, however, likewise was not critical to the court’s decision. I acknowledge that the court referred to defendant’s frequent possession of weapons, including “firearms” and “cutting instruments,” as its “greatest concern perhaps . . . .” But even disregarding the prison incidents, the record shows that defendant was frequently (and illegally) in possession of weapons when he was not in custody between 1973 and 1995.
Based on the foregoing, I cannot find that the court abused its discretion in concluding the defendant would pose an unreasonable risk of danger to the public if resentenced. Defendant has a record of nearly continuous criminal behavior when outside of prison. Much of his criminal history involves weapons and drug use, both of which pose a risk of danger to the public, especially when combined. There also is evidence that, contrary to defendant’s contention on appeal, defendant has a history of physically harming his *597 victims—namely, the victims of the 1981 and 1983 murders. Defendant’s record in prison shows his drug addiction, for which he sought no help during the majority of his lengthy time in prison, remains a problem. His disciplinary record shows he remains unable to follow the rules or avoid violent confrontations.
Accordingly, I would affirm the order denying defendant’s petition for resentencing.
On July 12, 2016, the opinion was modified to read as printed above. Appellant’s petition for review by the Supreme Court was granted August 31, 2016, S236179.
*598 APPENDIX
Public Debate on Proposition 47: Some Web Sources Available as of June 2016
1. Facts—No on Prop 47 <http://www.votenoprop47.org/No_On_Prop_ 47_Facts.html> (as of June 24, 2016); see Facts—No on Prop 47 (archived Sept. 28, 2014) <https://web.archive.Org/web/20140928005627/http:// votenoprop47.org/ No_On_Prop_47_Facts.html> (as of June 24, 2016) (sanie page).
2. California District Attorneys Association, CDAA Looks at Proposition 47 (Aug. 29, 2014), apparent copies available at <http://www.co.mendocino. ca.us/da/pdf/Proposition47_A_Cruel_ Fraud.pdf (as of June 24, 2016), and Proposition 47: A Cruel Fraud <http://docplayer.net/1464582-Proposition-47-a-cruel-fraud.html> (as of June 24, 2016).
3. Chief Zimmerman takes on retired Chief Lansdowne over Prop. 47, San Diego Union-Tribune (Sept. 7, 2014) <http://www.sandiegouniontribune. com/news/2014/sep/07/prop-47-zimmerman-lansdowne-drugs-misdemeanor/> (as of June 24, 2016).
4. Supervisors vote 3-2 to oppose state measure that would reduce some felonies, San Jose Mercury News (Sept. 9, 2014) <http://www.mercurynews. com/news/ci_26503073/supervisors-vote-32-to-oppose-state-measure-that-would-reduce-some-felonies> (as of June 24, 2016).
5. CSAC (Sept. 12, 2014) <https://web.archive.org/web/20141014082622/ http://bulletin.counties.org/sec.aspx?id=CD3DlA93C6CD49AFBDB4FB 89F1AB01EF> (as of June 24, 2016) (county association endorsing “no” vote).
6. NADCP Opposes CA’s Prop 47 I NADCP (No date) <http://www. nadcp.org/prop47opposition> (as of June 24, 2016) (statement of opposition by drug professionals’ organization).
7. Gingrich et al., What California can learn from the reel states on crime and punishment, L.A. Times (Sept. 16, 2014) <http://www.latimes.com/ opinion/op-ed/1 a-oe -0917-gingrich-prop—47-criminal-justice -20140917- story. html> (as of June 24, 2016).
8. Zimmerman et al., Prop 47 is dangerous and poorly drafted, San Diego Union-Tribune (Sept. 20, 2014) <http://www.sandiegouniontribune. *599 com/news/2014/sep/20/prop-47-passage-would-have-dangerous-consequences/> (as of June 24, 2016).
9. Lansdowne, Locking up nonviolent offenders is costly and ineffective, San Diego Union-Tribune (Sept. 20, 2014) <http://www.sandiegounion tribune.com/news/2014/sep/20/yes-on-prop-47-to-stop-the-cycles-of-crime/> (as of June 24, 2016).
10. Chronicle recommends: Yes on Proposition 47, SFGate (Sept. 22, 2014) <https://web.archive .org/web/2014102613210 l/http://www. sígate .com/opinion/ editorials/article/Chronicle-recommends-Yes-on-Proposition-47-5768086. php> (as of June 24, 2016).
11. Mercury News editorial: Prop. 47 will help California break cycle of crime, San Jose Mercury News (Sept. 25, 2014) <http://www.mercurynews. com/opinion/ci_26604547/mercury-news-editorial-prop-47-will-help-california?source=pkg> (as of June 24, 2016).
12. Endorsement: Proposition 47 goes too far, too soon after other major criminal justice system changes, The Sacramento Bee (Sept. 28, 2014) <http://www.sacbee.com/opinion/election-endorsements/article2612296.html> (as of June 24, 2016).
13. Gascon, Viewpoints: Prop. 47 would reduce crime and save money, The Sacramento Bee (Oct. 3, 2014) <http://www.sacbee.com/opinion/op-ed/ article2617783.html> (as of June 24, 2016).
14. Scully et al., Viewpoints: Prop. 47 would turn criminals loose, The Sacramento Bee (Oct. 3, 2014) <http://www.sacbee.com/opinion/op-ed/ article2617791.html> (as of June 24, 2016).
15. Ravitch et al., Prop. 47 won’t help fight crime, The Press Democrat (Oct. 5, 2014) <http://www.pressdemocrat.com/opinion/2924134-181/prop-47-wont-help-fight?ref=related> (as of June 24, 2016).
16. Yes on Proposition 47, L.A. Times (Oct. 6, 2014) <http://www.latimes. com/opinion/endorsements/la-ed-end-proposition-47-20141007-story.html> (as of June 24, 2016).
17. CALIFORNIANS AGAINST PROP. 47 I No on Proposition 47 (archived Oct. 8, 2014) <http://web.archive.Org/web/20141008185016/http:// californiansagainst47.com/> (as of June 24, 2016).
*600 18. Skelton, Prop. 47’s sentencing reform should go to Legislature, not the ballot, L.A. Times (Oct. 8, 2014) <http://www.latimes.com/local/politics/la-me-cap-prop47-20141009-column.html> (as of June 24, 2016).
19. Editorial: Yes on Prop. 47, sentencing reform, The Orange County Register (Oct. 9, 2014) <http://www.ocregister.com/articles/prop-637855-crimes-measure.html> (as of June 24, 2016).
20. Galik, Scale back penalties for nonviolent offenses, The Orange County Register (Oct. 9, 2014) <http://www.ocregister.com/articles/ nonviolent-637864-california-crimes.html> (as of June 24, 2016).
21.Prop. 47 would cut penalties for 1 in 5 criminals in California, L.A. Times (Oct. 11, 2014) <http://www.latimes.com/local/politics/la-me-ff-pol-proposition47-20141012-story.html> (as of June 24, 2016).
22.Some California criminals would face lighter sentences under Proposition 47, The Sacramento Bee (Oct. 12, 2014) <http://www.sacbee.com/news/ politics-government/election/article2693849.html> (as of June 20, 2016).
23. Prop. 47: Good intentions, terrible public policy, San Diego Union-Tribune (Oct. 15, 2014) <http://www.sandiegouniontribune.com/news/2014/ oct/15/prop-47-felony-prisoner-release-crimes/> (as of June 24, 2016).
24. Davis, Prop. 47’s centred issue: Is punishment needed for minor drug crimes?, San Diego Union-Tribune (Oct. 18, 2014) <http://www.san diegouniontribune.com/news/2014/oct/18/election-proposition-47-drug-possession-punishment/?#article-copy> (as of June 24, 2016).
25. Hutchens, Prop. 47 won’t reduce crime, increase safety, The Orange County Register (Oct. 20, 2014) <http://www.ocregister.com/articles/prop-638911-drug-gun.html> (as of June 24, 2016).
26. Sianez, Prop. 47 won’t make O.C. safer, The Orange County Register (Oct. 22, 2014) <http://www.ocregister.com/articles/county-639263-orange-prop.html> (as of June 24, 2016).
27. Munks and Wagstaffe, Prop 47 will result in increased crime, less safety in neighborhoods, San Jose Mercury News (Oct. 23, 2014) *601 <http://www.mercurynews.com/news/ci_26780581/greg-munks-and-steve-wag st affe:-prop-47-will-re suit-in-increased-crime-less -safety-in— neighborhoods> (as of June 24, 2016).
28. Our Readers Say: Police, sheriffs say no to Prop 47 (Oct. 24, 2014) <http://www.redlandsdailyfacts.com/opinion/20141024/our-readers-say-police-sheriffs-say-no-to-prop-47> (as of June 24, 2016).
29. San Bernardino County Police Chiefs and Sheriff’s Association says: No on Prop 47, Highland Community News: Opinion (Oct. 24, 2014) <http://www.highlandnews.net/opinion/san-bernardino-county-police-chiefs- and-sheriff-s-association-says/article_ld3fb9f8-5bc3-lle4-8c0f-47ac 194ced49.html> (as of June 24, 2016).
30. County police chiefs, sheriff’s say no on 47—Opinion— VVdailypress.com—Victorville, CA (Oct. 27, 2014) <http://www.vvdaily press.com/article/20141027/OPINION/141029812> (as of June 24, 2016).
31. Steinberg et al., Prop. 47 can help fix prison mental health crisis, The Sacramento Bee (Oct. 27, 2014) <http://www.sacbee.com/opinion/op-ed/soapbox/article3406705.html> (as of June 24, 2016).
32. Couzens, Prop. 47: a perspective from the bench (Oct. 28, 2014) <http://www.davisenterprise.com/forum/opinion-columns/prop-47-a-perspective-from-the-bench/> (as of Jun. 20, 2016); see <http:// www.davisenterprise.com/print/?edition=2014-10-28&ptitle=A6> (as of June 24, 2016) (facsimile of print edition).
33. Greenwald, Analysis: Perspectives on Proposition 47, Davis People’s Vanguard (Oct. 29, 2014) <http://www.davisvanguard.org/2014/10/analysis-perspectives-on-proposition-47/> (as of June 24, 2016).
34. Greene, What does California's Proposition 47 have to do with date rape?, L.A. Times (Oct. 29, 2014) <http://www.latimes.com/opinion/opinion-la/la-ol-prop-47-roofies-date-rape-20141028-story.html> (as of June 24, 2014).
35. Aron, et al., Prop 47 is cm investment in people, not prisons, San Jose Mercury News (Oct. 29, 2014) <http://www.mercurynews.com/opinion/ci_ 26822918/rabbi-melanie-aron-beth-gonzales-and-rai-iayadev?source=pkg> (as of June 24, 2016).
*602 36. Prop 47 biggest hiccup for city council in choosing ballot positions, San Jose Mercury News (Oct. 29, 2014) <http://www.mercurynews.coni/ news/ci_26825697/prop-47-biggest-hiccup-city-council-choosing-ballot? source=pkg> (as of June 24, 2016).
37. Paul and Hughes Jr., Republicans should back Prop. 47, The Orange County Register (Oct. 29, 2014) <http://www.ocregister. com/articles/crime - 640063-california-prison.html> (as of June 24, 2016).
38. Barnes, Prop. 47 finds right balance, The Orange County Register (Nov. 1, 2014) <http://www.ocregister.com/articles/california-640497-people-prop.html> (as of June 24, 2016).
39. Boyd and Durant, Law enforcement united: No on 47, The Orange County Register (Nov. 1, 2014) <http://www.ocregister.com/ articles/prop-640496-association-california.html> (as of June 24, 2016).

 Based on this conclusion, I express no opinion regarding the majority’s conclusion regarding the retroactivity of the definition. As the majority notes, this issue is presently being reviewed by the California Supreme Court (see maj. opn., ante, at p. 552, fn. 8).

 Defendant told Dr. Barron in April 2014 that he was still not using drugs. However, as the trial court noted, defendant made untrue statements to Dr. Barron. For example, he told Dr. Barron that one DUI (driving under the influence) was the only crime he committed while under the influence of drugs. But the record indicates defendant committed numerous crimes while under the influence of drugs, including the 1973 aimed residential robbery, three DUIs, and two instances of being under the influence of a controlled substance. Therefore, defendant’s claim of being drug free for four months is not credible.